Julio Robert PEREZ;  Ana Maria
Zamora, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 05–74384.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2009.*

Filed Dec. 10, 2009.

Charles E. Nichol, Esq., Law Office of
Charles E. Nichol, San Francisco, CA, for
Petitioners.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel Department of
Homeland Security, San Francisco, CA,
Margot L. Nadel, Esq., U.S. Department
of Justice Civil Div./Office of Immigration
Lit., Robert F. Adams, U.S. Dept of Jus-
tice Criminal Division, Fraud Section,
Washington, DC, for Respondent.

Before: TASHIMA, GRABER, and
BYBEE, Circuit Judges.

MEMORANDUM **

Julio Robert Perez, a native and citizen
of Guatemala, and his wife, Ana Maria
Zamora, a native and citizen of Mexico,
petition for review of the Board of Immi-
gration Appeals' order denying their mo-
tion to reopen.  We grant the petition for
review and remand for further proceed-
ings.

The BIA failed to consider petitioners'
contention that because they failed to post
the voluntary bond required by 8 U.S.C.
§ 1229c(b)(3), they are not subject to the

---

* The panel unanimously finds this case suitable
  for decision without oral argument.  *See* Fed.
  R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

penalties of § 1229c(d)(1). *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). Moreover, although the BIA earlier affirmed and adopted an immigration judge's decision detailing multiple reasons for denying petitioners' application for relief from removal, the BIA cited only 8 U.S.C. § 1229c(b)(3) in denying petitioners' motion to reopen. *See Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000) ("[T]his court cannot affirm the BIA on a ground upon which it did not rely.").

We therefore remand to the BIA to reconsider petitioners' motion to reopen, noting the BIA's intervening case law. *See In re Diaz–Ruacho,* 24 I. & N. Dec. 47, 47 (B.I.A.2006) ("[A]n alien who fails to meet the voluntary departure bond requirement is not subject to the penalties of [8 U.S.C. § 1229c(d)(1)]."); *see generally INS v. Orlando Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)

**PETITION FOR REVIEW GRANTED; REMANDED.**